# Commonwealth *v.* Dudash, Appellant.

*Criminal law—Murder—Elements of murder in the first degree—Intoxication.*

A conviction of murder of the first degree will be sustained where the evidence for the commonwealth shows that prior to the killing the prisoner and the deceased, while drinking together, quarreled; that after their separation the prisoner, who was partially intoxicated, went with a companion to a store and purchased a revolver; that they planned together how to kill the deceased; that after testing the revolver they went to the deceased's boarding house; that the prisoner went up behind the deceased who was at table, and shot him twice in the head, and that the prisoner immediately fled. In such a case it is immaterial that the deceased solicited the prisoner to drink.

Argued Oct. 20, 1902. Appeal, No. 76, Oct. T., 1902, by defendant, from judgment of O. & T. Armstrong Co., Dec. T., 1901, No. 1, on verdict of guilty of murder in the first degree in case of Commonwealth v. Dudash. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Indictment for murder.    Before PATTON, P. J.

The facts appear by the opinion of the Supreme Court.

The defendant presented amongst others this point:

If the jury find from the evidence that the defendant became intoxicated at the solicitation of the decedent, and by reason of such intoxication became involved in a quarrel, the result of which ended in the killing of Joseph Fedelem, it is their duty to find that the defendant is not guilty of murder in the first degree.    *Answer:* Refused as stated.    It is immaterial in this case whether or not the defendant became intoxicated at the solicitation of the deceased or not, unless you find that the defendant became so intoxicated as to become incapable of forming a deliberate and premeditated intention to take life, in which case, if the jury so believe, the grade of the offense would be reduced to murder of the second degree. Drunkenness is no defense to the crime.

Verdict of guilty of murder in the first degree, upon which judgment of sentence was passed.

*Error assigned* among others was above instruction, quoting it.

*Calvin Rayburn* and *M. F. Leason*, for appellant.

*Rush Fullerton*, district attorney, for appellee, was not heard.

PER CURIAM, November 3, 1902:

The defendant was convicted and sentenced in the court below for murder of the first degree.    He shot and killed, on October 16, 1901, his companion and relative, Joe Fedelem.    The principal circumstances connected with the killing are these: both were Slavs by race, and kinsmen; they had come to this country together from Hungary and worked at the coal mines near Yatesboro; there had been quarrels and ill will between them in their native country, which was kept up after their arrival here; on the evening of the 16th they met at a saloon in Yatesboro and commenced drinking together, when the old quarrel was renewed and angry words and threats passed between them; they separated about seven o'clock in the evening; Fedelem, the deceased, went to his boarding house; Du-

dash and one Novak, a companion, went to a store, where
by the advice of Novak, Dudash bought a revolver wherewith
to shoot Fedelem; they started together for Fedelem's boarding
house where they found him; before they reached it they tested
the revolver and planned how it should be used on Fedelem
when they came to him; when they reached the house Dudash
went in while Novak watched outside; Fedelem, when Dudash
entered, was at supper with the boarding house keeper and his
wife.   Dudash at once commenced cursing Fedelem, went up
behind him and twice shot him in the head; death resulted in
a few hours; Dudash then went to his own boarding house,
secured his money and valuables and fled to Northumberland
county where he was arrested.   There was no evidence contra-
dictory of these facts.   There was some evidence that Dudash
had drunk considerably that afternoon, and that he was par-
tially intoxicated, but there was no evidence whatever, that his
mind was so clouded as to render him incapable of forming a
specific intent to take life; in fact, all his declarations and con-
duct proved the very opposite.   The evidence was very care-
fully and impartially submitted to the jury, so far as it bore on
all the points made by the defense.   Not only legal malice,
which the law presumes from the preparation and use of a
deadly weapon was shown, but express malice, special spite and
ill will, towards the deceased was clearly proven.

Counsel for defendant asked the court to instruct the jury,
that if defendant became intoxicated at solicitation of deceased
and by reason thereof was incapable of forming a deliberate
and premeditated intention to take life, the offense would be re-
duced to murder of the second degree.   The court refused the
point as put, and said, it was immaterial whether defendant be-
came intoxicated at solicitation of deceased, but that, if when
he committed the act he was intoxicated to that degree as to be
incapable of forming a deliberate and premeditated intention to
take life, the offense would be reduced to murder of the second
degree.   The answer was entirely correct; the point was so
worded that the learned judge could not easily give a peremp-
tory affirmative or negative, but while refusing it, doubtless
out of a tenderness for the prisoner, he stated his reason for
refusing it, at the same time reiterated the very full instruc-
tions in his general charge on the effect of intoxication in reduc-

ing the grade of the crime.  He could not have properly given any significance to the evidence tending to show, that Fedelem had solicited Dudash to drink that afternoon for it was wholly immaterial whether he had drunk because solicited by deceased or others ; the question was, whether he was capable of forming the specific intent to take Fedelem's life.  The evidence clearly showed that he was.  A careful examination of all the assignments wholly fails to show the semblance of error ; they are all overruled and the record is remitted to the court below, that the judgment may be carried into execution according to law.