Sam Bradford

*v.*

State of Tennessee.

(*Knoxville*, September Term, (May Session) 1960.)

Opinion filed May 26, 1961.

John L. Wheeler, Chattanooga, for plaintiff in error.

Thomas E. Fox, Assistant Attorney General for the State.

Mr. Justice Felts, delivered the opinion of the Court.

Defendant below, Sam Bradford, was convicted of burglary of a business place with intent to commit a felony and sentenced to from three to five years in the penitentiary. He has appealed in error and insists (1) that the evidence preponderates against the verdict and in favor of his innocence; and (2) that the Trial Judge erroneously refused to give a special instruction requested by defendant.

Evidence for the State was that at about 9 p.m., December 8, 1959, the defendant was apprehended in Gay's Grocery Store leaning against an ice cream case. He had broken a glass window and entered the store. Merchandise, including cigarettes, headache powders, had been placed into a bag and was sitting on a shelf near a window. This merchandise had been so placed in the bag after the store closed at about 8:30 p.m.

Defendant did not deny the breaking and entering, the burglary, or being found and taken in the act. His defense was that he had drunk a small quantity of moonshine whiskey, and had been poisoned, or suffered so great a mental blackout that he was unconscious and had no knowledge of what he was doing, and, consequently, no criminal intent.

It is well settled in this State that voluntary drunkenness is no defense or mitigation of a crime except in a case where a specific intent, or deliberation and premeditation, is an essential ingredient of the offense. It

was so held in *Walden v. State,* 178 Tenn. 71, 156 S.W.2d 385, and in *Steele v. State,* 189 Tenn. 424, 255 S.W.2d 260, and in other cases.

■ The question whether defendant was so drunk that he could not have a criminal intent, or whether he was able to have the requisite intent, was a question for the jury; and we think the evidence overwhelmingly supports the verdict of guilt.

■ We find that we cannot consider the second assignment of error because we do not find the requested instruction in the bill of exceptions. The assertion in the motion for a new trial that such instruction was requested is insufficient, since such motion is a mere pleading and not proof of what occurred. *Sherman v. State,* 125 Tenn. 19, 140 S.W. 209; *Koehn v. Hooper,* 193 Tenn. 417, 246 S.W.2d 68.

The assignments of error are overruled and the judgment of the Criminal Court is affirmed.