416 A.2d 87

**COMMONWEALTH of Pennsylvania**

v.

**Richard Luther GORDON, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 22, 1980.

Decided July 3, 1980.

* Appellant also contends that her consent was invalid because given without advice of independent counsel. This claim is without merit, as we have held that lack of counsel does not render consent unknowing, involuntary or not deliberate. *Matter of Adoption of Christopher P.*, 480 Pa. 79, 389 A.2d 94 (1978).

Blake E. Martin, Public Defender, Edwin D. Strite, Jr., Asst. Public Defender, Deborah K. Hoff, for appellant.

John F. Nelson, Asst. Dist. Atty., David W. Rahauser, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is a direct appeal from a judgment of life sentence imposed subsequent to a determination of guilt of murder of the first degree.

Appellant, Richard Luther Gordon, was charged with murder in connection with the beating death of his wife on June 22, 1978. One witness testified that at approximately 10:00 p. m. while in a bar with appellant, he stated he intended to kill his wife. Later, during the same evening, appellant repeated his intention to kill his wife. Appellant arrived home from the bar approximately 2:45 a. m., the morning of June 22. At about 3:30 in the morning, appellant's son awoke and heard his mother crying, "You're going to kill me." Appellant's reply was, "That's what I mean to do." At about 5:00 in the morning neighbors heard Mrs. Gordon say, "I can't stand the pain any longer." Appellant continued beating his wife until between 5:30 and 6:00 that morning when a neighbor, looking out a window, saw the victim, with appellant behind her, fall to the road. Mrs. Gordon's partially clad body was later found. The pathologist's post mortem report indicated Mrs. Gordon died of

"cardio-respiratory failure due to subdural hematoma and brain stem hemorrhage due to blunt trauma to the head." She was bruised throughout most of her body; had multiple rib fractures and one lung was fully lacerated, producing hemorrhages caused by a broken rib hitting the lung.

On December 6, 1978 appellant entered a plea of nolo contendere to the charge of murder generally. After a degree of guilt hearing on December 18, 1978, appellant was adjudged guilty of murder of the first degree and sentenced to life imprisonment.[1] Subsequently, appellant filed a "post verdict and post sentencing motion for a new hearing and motion in arrest of judgment" arguing that given the amount of evidence tending to show appellant's intoxicated state, the court could properly have convicted appellant of only murder of the third degree. From the denial of this motion, appellant now appeals.

We have carefully reviewed the record of the degree of guilt hearing and are satisfied there was sufficient evidence to support the lower court's finding of murder of the first degree. As noted by the court below in disposing of appellant's post-trial motions:

> Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder. The Crimes Code, Act of 1972, Dec. 6, P. L. 1482, No. 334, § 308, as amended 1976, Apr. 7, P. L. 72, No. 32, § 1; 18 Pa. C.S.A. § 308.

> Voluntary intoxication, therefore, neither exonerates nor excuses criminal conduct. Its only effect in a murder case would be to negate the specific intent to kill required

1. Initially we note that a plea of nolo contendere has the same effect as a plea of guilty, so far as the indictment is concerned. *Commonwealth ex rel. District Attorney v. Jackson*, 248 Pa. 530, 94 A. 233 (1915).

for finding murder of the first degree. *Commonwealth v. England*, 474 Pa. 1, 375 A.2d 1292 (1977); *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976).

.        .        .        .        .

There was a stated intention [by the defendant] to kill his wife; he apparently beat her unmercifully over a prolonged period of time. Although he had been drinking, we conclude that his drinking did not deprive him of the ability to form the intent to kill, that this intent to kill—started before the episode began, repeated during it, and manifested by the degree of brutality and the ignoring of his wife's pleas to desist—continued throughout the episode. There is nothing to suggest that to kill her, if he intended to, he would have sought out a gun or some weapon. He chose to beat her to death.

Judgment of sentence affirmed.