446 A.2d 1305

**COMMONWEALTH of Pennsylvania**

v.

**Anthony F. TODARO, Appellant.**

Superior Court of Pennsylvania.

Argued June 9, 1980.

Filed June 18, 1982.

2

Charles B. Swigart, Public Defender, Huntingdon, for appellant.

Stewart L. Kurtz, District Attorney, Huntingdon, submitted a brief on behalf of Commonwealth, appellee.

Before BROSKY, HOFFMAN and CIRILLO, JJ.*

BROSKY, Judge:

Appellant was involved in an automobile accident in February, 1977 as a result of which he was charged with involuntary manslaughter, recklessly endangering another person and driving under the influence. He was convicted of all charges in 1979 by a jury and sentenced to a term of imprisonment of 11 to 48 months. The case is before us following the denial of post-trial motions. Appellant contends that the lower court improperly excluded evidence of the intoxication of the deceased driver of the other automobile and that it erred in its charge to the jury. We affirm the decision of the trial court.

The facts of the case are as follows. Appellant, Anthony F. Todaro, was involved in an automobile accident on the evening of February 13, 1977. The automobile which he was driving collided with a Volkswagen "Beetle" in which six persons were travelling. The driver of the Volkswagen was killed.

Appellant's first contention is that the lower court erred in refusing to permit the introduction of evidence of alcohol found in the blood of the deceased. The parties stipulated that the blood alcohol level of the deceased driver was 0.32 percent. The district attorney, however, opposed the introduction of this evidence saying it was not relevant. We agree.

Citing *McCormick on Evidence*, 2nd Ed., West Publishing Company, 1972, p. 437, appellant has outlined the commonly used test of relevance. That is, "[D]oes the evidence offered render the desired inference more probable than it would be without the evidence?" Application of this test to the facts

* At the time this case was argued Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County is sitting by designation.

4

of the present case indicates that the evidence does not make the inference sought by appellant more probable.

The theory of the prosecution was that the accident occurred in the southbound lane of traffic and was caused by appellant who was driving north in that lane. In support of its theory, the prosecution produced witnesses who testified that appellant was driving north in the southbound lane shortly before the accident occurred. The passengers in the Volkswagen testified that appellant's headlights shone directly at the Beetle. Finally, a state trooper who investigated the accident scene testified that that it was his opinion, based on gouge marks, that the accident occurred in the southbound lane. Our examination of the record indicates that as the lower court found, there is no evidence to support the inference that the accident was caused by the deceased or that it occurred in the northbound lane. Of course, the burden of proof is on the prosecution to show that appellant caused the accident. Appellant need not demonstrate that it occurred in another way. However, while the burden of proof is not on appellant, he still cannot introduce evidence which does not help to prove a desired inference. Evidence of blood alcohol, alone, does not support any inference as to the cause of the accident. It was not relevant to any issue before the court.

Appellant's next assignment of error concerns the charge to the jury on the question of his intoxication. The judge instructed the jury as to the effect of voluntary intoxication. Appellant argues that the charge should have included a more thorough discussion of involuntary intoxication. He claims that although he voluntarily consumed enough alcohol to make the blood alcoot realize that medication he was taking combined with alcohol level 0.14 percent, he should be found involuntarily intoxicated because he did not realize that medication he was taking combined with alcohol, would cause him to be as intoxicated as he was. In the recent case, *Commonwealth v. Bridge*, 495 Pa. 568, 435 A.2d 151 (1981), our Supreme Court examined the issue of when evidence of voluntary intoxication is admissible. The court wrote:

The history of this issue in this jurisdiction has been a checkered one. In *Commonwealth v. Tarver* [446 Pa. 233, 284 A.2d 759], supra, this Court restricted the use of evidence of intoxication to reducing the offense of murder of the first degree to a lesser degree of murder. It rejected the view that this evidence should be allowed wherever a specific *mens rea* crime was charged. The *Tarver* position was repudiated by the legislature in its original draft of section 308 which provided:

§ 308. Intoxication or drugged condition.

Intoxication or drugged condition are not, as such, defenses to a criminal charge; but in any prosecution for any offense, evidence of intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to negative an element of the offense.

This provision did not limit the use of evidence of voluntary intoxication to an offense requiring a specific *mens rea*. It followed the Model Penal Code [Section 2.08(1) Proposed Official Draft, 1962] form of the defense and looked to all elements of the crime alleged to determine whether the offense required proof of some actual purpose or awareness that the intoxication might negate. If such an element was required under the definition of the crime, then evidence of voluntary intoxication was permitted to negate its existence.

After promulgation of the original version of section 308, this Court was again called upon to consider the question in relationship to crimes that occurred prior to the Crimes Code of 1972. In *Commonwealth v. Graves* [461 Pa. 118, 334 A.2d 661], supra, the Court concluded that evidence of intoxication could be introduced to negate intent in crimes possessing a specific intent. Thus *Graves* went beyond *Tarver's* limited application to murder of the first degree and yet did not go as far as section 308's application to crimes that did not require a specific *mens rea*.

Subsequent to our decision in *Graves, supra,* the legislature saw fit to revise section 308 to its present form. The present version of section 308 is virtually an adoption of the *Tarver* view.

(Footnotes deleted.) Id., 495 Pa. at 576, 435 A.2d 155. Section 308 provides: [1]

§ 308. Intoxication or drugged condition. Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negate the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.

Clearly, our Legislature has limited the purposes for which intoxication evidence can be used in such a way as to preclude the introduction of evidence of voluntary intoxication in this case. Appellant argues, however, that the amendment to Section 308, which applies to *voluntary* intoxication, suggests that evidence of involuntary intoxication can still be used. He contends that the lower court did not clearly explain to the jury the defense of involuntary intoxication. However, because we find no evidence to support a finding that appellant's intoxication was not voluntary, we find no error in this regard. Appellant does not contend that he was coerced into taking either medication (which he cannot even clearly remember having taken on the day in question) or alcohol.[2] If he was mistaken in his belief that he could withstand the effects of the combination, that hardly makes his having consumed them involuntary. An instruction on involuntary intoxication was not called for in this case.

1. 18 Pa.C.S.A. § 308, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, *as amended,* April 7, 1976, P.L. 72, No. 32 § 1.

2. See *Commonwealth v. Bridge, supra,* at 154 note 3. We, too, include in the definition of intoxication the resultant state caused by drugs.

Appellant's final contention is that the trial court inaccurately reviewed the evidence during his jury instructions. Appellant's complaint concerns the court's summary of appellant's physician's testimony. The doctor testified as to the instruction he gave to appellant concerning his use of the tranquilizer tranxene. Appellant sought to show that he had not been warned as to the effect of combining alcohol with the tranquilizer.

In reviewing the court's charge to the jury, it is by now axiomatic that we read and review it in its entirety. *Commonwealth v. Tolassi*, 489 Pa. 41, 413 A.2d 1003 (1980). Error cannot be predicated on isolated excerpts of the charge. It is the general effect of the charge that controls. *Commonwealth v. Woodward*, 483 Pa. 1, 394 A.2d 508 (1978).

The doctor testified that he routinely advised his patients against mixing alcohol and the drug. On cross-examination, the doctor stated that he could not recall precisely what he had told Mr. Todaro. Our examination of the record indicates that the court did in fact remind the jury of the doctor's uncertainty, despite having told them that the doctor testified, "I told him that he should not use alcohol with tranxene. Furthermore, in view of our conclusion that there was no evidence to support a finding that appellant consumed either the alcohol or drugs involuntarily, the question of the instructions given to him is not pertinent to this case.

Order affirmed.

HOFFMAN, J., files concurring opinion.

HOFFMAN, Judge, concurring:

Although I agree with the majority's disposition of this case, I would hold that appellant has waived any objection to the jury charge by failing to take specific exceptions at trial.

Appellant concedes that he did not specifically except to the court's charge and, in fact, did not even discover the purported misstatement of the evidence until after the notes of testimony were transcribed. He contends, however, that

8

his general exception to the court's summary of the evidence was sufficient to notify the court of his objection and preserve it for review. I disagree. "A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of." Pa.R.A.P. 302(b). A specific exception must be lodged to preserve an objectionable charge for post-trial motions, *Tagnani v. Lew*, 493 Pa. 371, 426 A.2d 595 (1981), as well as for appellate review, *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). Accordingly, because appellant failed to take a specific exception to the alleged misstatement, I would find the issue waived.