452 A.2d 840

**COMMONWEALTH of Pennsylvania**

v.

**John PRICE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 2, 1981.

Filed Nov. 19, 1982.

Petition for Allowance of Appeal Denied March 30, 1983.

508

Marilyn C. Zilli, Assistant Public Defender, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

WIEAND, Judge:

John Price entered a plea of guilty to a general charge of criminal homicide in exchange for the Commonwealth's agreement not to seek a death sentence. An evidentiary hearing was held to determine the degree of guilt and also,

by agreement, to determine the issue of guilt or innocence on a separate charge of recklessly endangering the decedent's brother.[1] Price was found guilty of murder in the first degree and guilty also of recklessly endangering. He was sentenced to prison for the term of his natural life; and a concurrent term of not less than one nor more than two years was imposed for recklessly endangering. On direct appeal, Price is represented by new counsel who argues: (1) that the evidence was insufficient to sustain a finding of murder in the first degree, and (2) that trial counsel was ineffective. There is no merit in these contentions; and, therefore, we affirm the judgment of sentence.

Murder in the first degree is defined as causing the death of another human being by "any . . . kind of willful, deliberate, and premedidated killing." 18 Pa.C.S. § 2501(a), 2502(a). On appellate review, "we will not weigh the evidence and thereby substitute our judgment for that of the finder of fact . . . . To do so would require an assessment of the credibility of the testimony and that is clearly not our function." *Commonwealth v. Pronkoskie,* 498 Pa. 245, 251, 445 A.2d 1203, 1206 (1982), quoting *Commonwealth v. Farquharson,* 467 Pa. 50, 60, 354 A.2d 545, 550 (1976). Rather, we view the entire record in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, determine whether there was sufficient evidence to enable the trier of the facts to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Pronkoskie, supra,* 498 Pa. at 248, 445 A.2d at 1204; *Commonwealth v. Hudson,* 489 Pa. 620, 625, 414 A.2d 1381, 1384 (1980); *Commonwealth v. Horsey,* 481 Pa. 470, 472, 393 A.2d 1, 2 (1978). See also: *Commonwealth v. Gordon,* 490 Pa. 234, 236, 416 A.2d 87, 88 (1980); *Commonwealth v. Ash,* 482 Pa. 590, 394 A.2d 479 (1978).

In the instant case, appellant killed an unarmed Edward Stern at or about 5:00 o'clock, P.M., on May 14, 1980, by pumping four rifle shots into Stern's body while Stern was standing on a public street in the City of Harrisburg.

1. 18 Pa.C.S.A. § 2705.

Appellant contended, in an effort to obtain a reduction in the degree of the crime, that he had been intoxicated. His evidence and also that of the Commonwealth showed that he had been drinking. However, drinking and intoxication are not synonymous terms. A defendant must be overwhelmed or overpowered by alcohol to the point of losing his or her faculties so as to be incapable of forming a specific intent to kill before an act of murder will be reduced to murder in the third degree. *Commonwealth v. Reiff,* 489 Pa. 12, 15, 413 A.2d 672, 674 (1980); *Commonwealth v. Duncan,* 437 Pa. 319, 322, 263 A.2d 345, 347 (1970); *Commonwealth v. Barnosky,* 436 Pa. 59, 62–63, 258 A.2d 512, 514 (1969); *Commonwealth v. Walters,* 431 Pa. 74, 82–83, 244 A.2d 757, 762 (1968). See also: *Commonwealth v. Bridge,* 495 Pa. 568, 435 A.2d 151 (1981).

■ There was ample evidence from which the trial judge could find that appellant was not so overwhelmed by alcohol as to be unable to form a specific intent to kill. Earlier the same day, appellant and Edward Stern had been present during and, ultimately drawn into, an altercation at Peter Pope's bar in Harrisburg. Stern and his brother thereafter purchased a half pint of liquor which they were drinking when appellant, who had also been drinking, approached and requested money. When they refused, appellant was overheard to make a threat to kill Edward Stern. At or about 3:00 o'clock, P.M., appellant drove a vehicle without incident and, later, took a short nap at the home of his sister. He returned on foot shortly before 5:00 o'clock, P.M., found Edward Stern and his brother, John, talking with Willie Jackson, and, without a word, fired six shots at the victim at close range. He then turned to John Stern, pointed the rifle at him and said: "I'll send you to hell too with your brother." Willie Jackson, who observed the entire incident, testified that appellant had been drinking but was not drunk.

Appellant was arrested at his mother's home at 7:50 o'clock, P.M., by Officer Larry Bender, who testified that appellant was not drunk. Prior to his arrest, appellant had

told his sister that he "shot a guy" and intended to turn himself in. Although appellant was advised by the police of his *Miranda* rights while he was at his mother's home and again on the way to the police station, he repeated voluntarily and without interrogation of any type, "I hope the old man is dead." During the trip to police headquarters, appellant also swore, gestured, and said: "I should have killed that mother-fucker." At that time, he had full control of his faculties. After appellant had been arraigned, he offered to show police where the gun could be found. Again he said that he "should have killed the man."

This brief review of the evidence demonstrates clearly that there is no basis for disturbing the trial court's finding that appellant's act of shooting Edward Stern was done willfully and was accompanied by a fully formed intent to kill.

"It is by now axiomatic that the test for evaluating a claim of ineffective assistance of counsel is whether the record supports a conclusion that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). In making this assessment we are not to employ a hindsight evaluation to determine whether other alternatives may have been more reasonable." *Commonwealth v. Musi,* 486 Pa. 102, 107, 404 A.2d 378, 380 (1979).

However, "[b]efore inquiring into these claims we must determine whether the claim which counsel is charged with failing to pursue was a frivolous one. See: *Commonwealth v. Humphrey,* 473 Pa. 533, 375 A.2d 717 (1977); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Gaston,* 474 Pa. 218, 378 A.2d 297 (1977). 'Only if the claim which was foregone was of arguable merit must we inquire into counsel's reason for not pursuing it. *Commonwealth v. Hubbard,* 472 Pa. 259, 277–78, 372 A.2d 687, 695–96 (1977).' *Commonwealth v. Gasper,* 262 Pa.Super. 141, 396 A.2d 685 (1978)." *Commonwealth v. Miller,* 293 Pa.Super. 281, 284–85, 438 A.2d 995, 996 (1981).

■ Several of appellant's claims of ineffective assistance are so lacking in arguable merit that discussion is unnecessary. The information was in fact signed by the District Attorney; and, therefore, a claim that trial counsel was ineffective for failing to contend otherwise in a motion to quash the information is certainly frivolous. The same is true of appellant's complaint that counsel failed to file a direct appeal.

■ Appellant contends that counsel was ineffective for failing to object to the court's imposing a separate sentence on the information charging reckless endangerment. Contrary to appellant's contention, the conviction for recklessly endangering did not merge in the murder for purposes of sentencing. The reason is simple. These crimes involved not only separate acts but separate victims as well. It was Edward Stern who was killed; it was his brother, John, who was endangered by appellant's pointing the gun at him and threatening him after Edward had been shot.

■ Appellant also contends that trial counsel was ineffective because he entered no objection to the fact that the guilty plea colloquy was conducted by the attorney for the Commonwealth. This, too, is lacking in merit. The comment to Pa.R.Crim.P. 319(a) suggests: "It is advisable that the judge should conduct the examination of the defendant. However, paragraph (a) does not prevent defense counsel or the attorney for the Commonwealth from conducting part or all of the examination of the defendant, as permitted by the judge." The colloquy was full and complete and demonstrated that appellant's plea was entered knowingly, intelligently and voluntarily. It was not rendered inadequate because it was conducted by the District Attorney.

■ Appellant contends that his plea of guilty was involuntary and trial counsel ineffective because the plea was induced (1) by counsel's recommendation to plead guilty in exchange for a promise to forego the possibility of a death penalty, and (2) counsel's opinion that the court, sitting without a jury, would more likely find him guilty of murder

of the third degree because of evidence of intoxication. There is no basis for concluding that counsel's advice was not designed to serve the best interests of his client. Moreover, "reliance on counsel's advice as to the likely consequences of a guilty plea does not render the plea involuntary and is not grounds for the withdrawal of a plea." *Commonwealth v. Harris,* 286 Pa.Super. 601, 608, 429 A.2d 685, 688–89 (1981), citing *Commonwealth v. Williams,* 442 Pa. 431, 433–34, 275 A.2d 103, 105 (1971).

At the degree of guilt hearing, the Commonwealth introduced evidence of the oral statement made by appellant while he was being transported to police headquarters and while he was assisting the police to find the murder weapon. Appellant now contends that trial counsel should have moved to suppress the inculpatory nature of the statements. In fact, such a motion was filed but was abandoned when a negotiated plea was entered. We conclude that the motion lacked arguable merit and pursuit thereof would have been fruitless.

■ After appellant had been arrested, he was twice advised of his rights under *Miranda.* His statements about the victim were not the result of police questioning. They were spontaneously and voluntarily uttered without solicitation or coercion of any type. Such statements were clearly admissible against him at trial. *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *Commonwealth v. Wray,* 296 Pa.Super. 379, 382, 442 A.2d 819, 820 (1982); *Commonwealth v. Whitman,* 252 Pa.Super. 66, 380 A.2d 1284 (1977). Therefore, counsel was not ineffective for failing to pursue a pre-trial application for suppression.

■ Appellant next contends that counsel should have requested the trial court to order a pre-trial mental examination. However, the guilty plea colloquy discloses a knowing and intelligent plea of guilty to murder, and appellant does not allege either a failure to understand the proceedings or an inability to cooperate with counsel. His contention, made in a vacuum and without semblance of support

from the record, is insufficient to warrant remand for an evidentiary hearing.

■ Finally, appellant contends that after sentence had been imposed his counsel failed to discuss with him a motion to withdraw the guilty plea. This contention also lacks merit. In the first place, the record discloses that the sentencing judge did advise appellant of his right to file a motion to withdraw his plea. Nevertheless, appellant did not request counsel to file such a motion. He does not contend that he was unaware of this right but only that counsel did not discuss such a request with him. Secondly, the withdrawal of a plea of guilty after sentence has been imposed will be allowed only where substantial prejudice amounting to manifest injustice has been shown. *Commonwealth v. Harris, supra* 286 Pa.Super. at 609, 429 A.2d at 689; *Commonwealth v. Ammon,* 275 Pa.Super. 324, 329, 418 A.2d 744, 747 (1980). Appellant does not allege such prejudice, and our review of the record discloses none.

The judgment of sentence is affirmed.