J-S43020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HECTOR G. GONZALES | : | |
| | : | |
| Appellant | : | No. 753 EDA 2022 |

Appeal from the PCRA Order Entered February 15, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0013381-2013.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HECTOR G. GONZALES | : | |
| | : | |
| Appellant | : | No. 1989 EDA 2022 |

Appeal from the PCRA Order Entered February 15, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0013380-2013.

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:　　　　　**FILED JANUARY 10, 2023**

Hector Gonzales appeals from the denial of his first, counseled petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Because we conclude Gonzales' petition is untimely, we affirm.

Gonzales was prosecuted at two docket numbers for offenses committed on July 1, 2013. At the first case (CP-51-CR-13381-2013), he was charged with attempted rape and other offenses against M.R. At the second case (CP-51-CR-13380-2013), he was charged with indecent assault and other offenses against C.Q. Both cases proceeded to trial in March of 2015, and a jury convicted Gonzales of attempted rape, indecent assault, and other offenses. On July 31, 2015, the trial court found Gonzales to be a Sexually Violent Predator (SVP) and imposed lifetime sexual offender registration requirements. The court sentenced Gonzales to an aggregate term of 21 to 42 years of imprisonment.

Gonzales obtained present counsel and timely appealed at both docket numbers. This Court issued one opinion in both cases affirming Gonzales' judgment of sentence in part but vacating his SVP designation based on **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), *rev'd*, 226 A.3d 972 (Pa. 2020). We concluded:

> In light of **Butler**, we are compelled to conclude that the portion of Appellant's sentencing order deeming him an SVP is illegal. Accordingly, we vacate only that aspect of Appellant's judgment of sentence, and remand his case for the trial court to determine under what tier of SORNA Appellant must register, and to provide him with the appropriate notice of his registration obligations under 42 Pa.C.S. § 9799.23.
>
> SVP Order reversed. Judgment of sentence affirmed in all other respects. Case remanded. Jurisdiction relinquished.

*Commonwealth v. Gonzales (Gonzales I)*, 2017 WL 5593774, at *5 (Pa. Super. Nov. 21, 2017), *allocatur denied*, 185 A.3d 964 (Pa. May 14, 2018) (internal citations omitted).

At the first case, the trial court held a hearing on remand, again finding Gonzales to be an SVP. Gonzales timely appealed at that docket number, and this Court reversed based on **Butler** because the jury did not determine Gonzales' SVP status. *Commonwealth v. Gonzales (Gonzales II)*, 2020 WL 914954, at *3 (Pa. Super. Feb. 25, 2020).

> This Court again vacates the portion of Appellant's sentencing order designating him an SVP. Because Appellant's Tier III status is based upon his convictions, and he received notice of those registration requirements following our prior remand, we need not remand again.[Fn 6]
>
> ---
> Fn 6 We note that neither Appellant nor the Commonwealth has requested remand as part of Appellant's relief.
> ---
>
> SVP order vacated. Judgment of sentence affirmed in all other respects. Jurisdiction relinquished.

*Id.*

Neither Gonzales nor the Commonwealth petitioned the Supreme Court of Pennsylvania for allowance of appeal.

On March 26, 2021, more than a year after this Court's decision in **Gonzales II**, the Commonwealth filed a memorandum of law in support of reimposing Gonzales' SVP designation. It appears from the docket sheet that on April 12, 2021, the trial court heard arguments and denied the motion to modify sentence. The relevant order is not included in the certified record.

On May 25, 2021, Gonzales filed the instant PCRA petition, his first, at both docket numbers. The Commonwealth filed a motion to dismiss on December 9, 2021. On December 20, 2021, the PCRA court issued a notice of intent to dismiss the petition without a hearing, based on its conclusion that the issues in the PCRA petition were meritless. *See* Pa.R.Crim.P. 907. Gonzales filed a response on January 10, 2022, requesting that the PCRA court hold an evidentiary hearing on the merits of his issues.

The PCRA court dismissed Gonzales' petition on February 15, 2022. On March 16, 2022, Gonzales filed a notice of appeal in his first case. The PCRA court did not order Gonzales to file a concise statement of errors complained of on appeal under Pennsylvania Rule of Appellate Procedure 1925(b). On June 6, 2022, the PCRA court entered a Rule 1925(a) opinion at both docket numbers. After the PCRA court granted Gonzales *nunc pro tunc* relief,[1] Gonzales also appealed his second case on July 28, 2022.

In both cases, Gonzales contends that his trial counsel was ineffective for failing to introduce evidence of his voluntary intoxication to negate the specific intent required for his convictions for inchoate offenses. The PCRA court determined that this claim was meritless because such a defense is statutorily prohibited. PCRA court opinion, 6/6/22, at 7–8 (citing 18 Pa.C.S.A.

_____

[1] In his counseled post-conviction filing, Gonzales alleged that present counsel was ineffective for failing to file a requested notice of appeal. We caution counsel of the general rule that PCRA attorneys may not argue their own ineffectiveness. *Commonwealth v. Spotz*, 18 A.3d 244, 329 n.52 (Pa. 2011).

- 4 -

§ 308).  Gonzales now argues that Section 308 violates the Equal Protection and Due Process clauses, and that this Court should remand for a hearing to determine whether trial counsel's failure to present such evidence prejudiced him.  Gonzales' Brief at 5–14.

Preliminarily, we note that our courts have previously held that Section 308 is a constitutionally sound codification of established law. *Commonwealth v. Laing*, 456 A.2d 204, 207 (Pa. Super. 1983); *see Commonwealth v. Bridge*, 435 A.2d 151, 153–54 (Pa. 1981) ("[V]oluntary intoxication neither exonerates nor excuses criminal conduct."); *see also Commonwealth v. Parker*, 249 A.3d 590, 596 (Pa. Super. 2021) (reiterating that counsel cannot be ineffective for failing to anticipate a change in the law).

However, we do not reach the merits of Gonzales' petition because it was time-barred.  Every PCRA petition must "be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" one of three statutory exceptions.  42 Pa.C.S.A. § 9545(b)(1).  If a petition is untimely, the PCRA court and the reviewing court lack jurisdiction to address its merits.  *Commonwealth v. Reid*, 235 A.3d 1124, 1143 (Pa. 2020) (citation omitted).  Even if the PCRA court does not address the threshold issue of jurisdiction, this Court will address it *sua sponte*.  *See id.*

Under the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).  Following the entry of a

final order by this Court, a defendant generally has 30 days to petition the Supreme Court of Pennsylvania for allowance of appeal. Pa.R.A.P. 1113(a). If that Court denies review, the defendant has 90 days to petition the Supreme Court of the United States for a writ of certiorari. U.S. Sup. Ct. Rule 13.

Here, Gonzales was sentenced in both cases on July 31, 2015. This Court decided his direct appeal on November 21, 2017, and the Supreme Court of Pennsylvania denied his petition for allowance of appeal on May 14, 2018. The trial court reimposed Gonzales' SVP finding on March 15, 2018.[2]

In his second case, Gonzales did not further appeal. Therefore, his judgment of sentence in that case became final at the expiration of time for seeking review in the Supreme Court of the United States. Because the ninetieth day after the Supreme Court of Pennsylvania denied his petition for allowance of appeal was a Sunday, Gonzales had until Monday, August 13, 2018, to petition the Supreme Court of the United States for a writ of certiorari. **See** Fed. R. App. Proc. 26(a)(1)(C) (computing time). He thus had until August 13, 2019 to file a timely PCRA petition in his second case.

In his first case, Gonzales appealed to this Court, which vacated his SVP order on February 25, 2020. **Gonzales II**, **supra**. Neither Gonzales nor the Commonwealth petitioned the Supreme Court of Pennsylvania for allowance

_____

[2] While the transcript from this proceeding lists both docket numbers, it appears from the docket sheets that the trial court's order was entered only at the first case.

- 6 -

of appeal. Therefore, his judgment of sentence became final 30 days later, on March 26, 2020.

The proceedings in the trial court after **Gonzales II** do not extend the PCRA time-bar in his first case. In **Gonzales II**, this Court vacated Gonzales' SVP designation without remanding for further proceedings. The Commonwealth's memorandum in support of reimposing the SVP designation, filed more than a year later, was therefore an untimely post-sentence motion. An untimely post-sentence motion by the Commonwealth does not toll the deadline to appeal a sentence. **Commonwealth v. Ledoux**, 768 A.2d 1124, 1126 (Pa. Super. 2001). Gonzales' judgment of sentence became final after the expiration of the time to appeal **Gonzales II**, notwithstanding the trial court's denial of the Commonwealth's motion. Therefore, Gonzales had until March 26, 2021 to file a timely PCRA petition in his first case.

In short, Gonzales' PCRA petition, filed at both docket numbers on May 25, 2021, is untimely on its face. Gonzales does not plead or prove one of the time-bar exceptions under Section 9545(b)(1), and none appears to apply. Therefore, we lack jurisdiction to evaluate the merits of Gonzales' petition. **Reid**, **supra**. Because we agree with the PCRA court's dismissal of Gonzales' petition, albeit for a different reason, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/10/2023