534 A.2d 456

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Richard BOLDEN, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 23, 1987.

Decided Dec. 7, 1987.

David N. Rutt, Washington, (Court-appointed), for appellant.

John C. Pettit, Dist. Atty., William A. Johnson, 1st Asst. Dist. Atty., Washington, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT and ZAPPALA, JJ.

## OPINION

NIX, Chief Justice.

This appeal arises from the robbery and murder of a Mr. Robert Indyk which occurred at his place of business in January 1972. Appellant, Richard Bolden, was arrested and charged with this crime in 1975. After one aborted trial, a retrial in which the jury returned a verdict of guilty and two prior appearances of this matter on the dockets of this Court, the difficulty in obtaining a definitive disposition of the underlying charges is becoming increasingly apparent. Again a final resolution of the cause is not possible and we are constrained, for the reasons that follow, to award the grant of a third trial in this matter. Such a result sorely strains the resources of the system; however it is compelled in order to maintain the system's integrity and to adhere to our mission of dispensing justice.

The procedural history reflects that appellant was first called for trial in Washington County, the situs of the incident, on January 21, 1976. After commencement of the trial a mistrial was ordered. The issue of whether an immediate retrial would offend double jeopardy was raised

and addressed by this Court in *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977), (*Bolden I*).[1]

The second trial commenced on July 7, 1977, and concluded on July 15, 1977, when the jury returned a verdict of guilty on both the robbery and first degree murder count. On June 2, 1978, after the denial of post-trial motions, appellant was sentenced to a term of imprisonment for life and to a term of imprisonment of from ten to twenty years under the robbery count. This judgment of sentence was appealed to the Superior Court which affirmed and we denied further review. Following a *pro se* Post-Conviction Hearing Act petition filed by appellant in June, 1980, the matter again was before this Court raising a particularly troublesome question of counsel's alleged ineffectiveness. *Commonwealth v. Bolden,* 512 Pa. 468, 517 A.2d 935 (1986) (*Bolden II*). Because there appeared to be a deliberate attempt by trial counsel to create error in the record to support a claim of ineffective assistance of counsel under the standard set forth in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), a majority of this Court deemed it advisable to remand the cause for an evidentiary hearing to determine if the obvious dereliction was inadvertent or by design.[2] Having received the hearing judge's finding that the determination that the omission was inadvertent based upon the expanded record produced in that proceeding, we are now prepared to rule on that aspect of the matter.

1. In *Bolden I,* an opinion representing the view of the author, joined by one member of this Court, argued that the double jeopardy clauses of both the federal and state constitutions (U.S. Const. Amend. 5, 14; Pa. Const. art. 1, § 10) required that the retrial should await a final resolution of the double jeopardy complaint. This writer dissented on the grounds that an interlocutory appeal was not constitutionally compelled under the facts of that appeal. *Commonwealth v. Bolden, supra,* 472 Pa. at 652, 373 A.2d at 114 (Nix, J., dissenting, joined by O'Brien, J.). The position set forth in *Bolden I* has been modified by our decision in *Commonwealth v. Brady,* 510 Pa. 336, 508 A.2d 286 (1986).

2. My dissent in *Bolden II* was inspired by the ambivalence of that opinion as to whether ineffective assistance could be found and relief granted without an affirmative showing of actual prejudice. *Bolden II, supra* 512 Pa. at 483–484, 517 A.2d at 943 (Nix, C.J., dissenting).

A synopsis of the facts forming the setting of the instant issue is sufficient in view of our complete explication of the circumstances surrounding the crime in our earlier opinions in this matter. The victim of this robbery-murder, Robert Indyk, was killed at his place of business on January 10, 1972. Appellant was not arrested for this crime until 1975. During the second trial which commenced on July 7, 1977, the defense relied upon the defense of alibi. One of the key witnesses in support of the alibi was appellant's mother who testified as to the whereabouts of her son on January 8, 1972 (the day he was alleged to have gone to the scene of the crime to plan it) and January 10, 1972 (the day the crime was committed). On rebuttal the Commonwealth called Officer Beels who testified that he had questioned Mrs. Bolden on February 15, 1972, who then stated she had not seen her son since January 6, 1972. This was in direct conflict with Mrs. Bolden's testimony.[3] The importance of this contradiction was underscored by the jury's request during the course of their deliberations to have the transcript of Mrs. Bolden's testimony and the rebuttal testimony of Officer Beels read to them. This request was granted over the objection of the defense.

During a subsequent post conviction proceeding it was disclosed that, at the time of Officer Beels' rebuttal testimony, defense counsel had in his possession the Officer's report of the February 15, 1972, interview with Mrs. Bolden which contained a version consistent with Mrs. Bolden's testimony and in conflict with that of the Officer. The report unequivocally indicated that during the February 15, 1972, interview Mrs. Bolden stated that she had last seen her son on February 6, 1972, and not January 6, 1972. Even though counsel had this report available for cross-examination at the time of Officer Beels' rebuttal testimony, he made no effort to rehabilitate the testimony of the key alibi witness.

**3.** Mrs. Bolden had testified that she had last seen her son on February 6, 1972.

As stated during the hearing below, the learned hearing court concluded that the omission was inadvertent and not as a result of counsel's deliberate design to create error.

> [T]rial counsel's failure to cross-examine Trooper Beels as to statements in his police report which contradicted the officer's testimony in rebuttal of defendant's alibi witness, or to read the report to the jury, was [an] inadvertent oversight and not a conscious, deliberate attempt to provide appellant with an ineffective assistance of counsel claim should an adverse verdict be returned.

*Commonwealth v. Bolden,* No. 954 of 1975 (C.C.P. Washington Co. March 9, 1987) slip op. at 3.

 Accepting this finding, which is supported by the available evidence, the issue of an attorney attempting to create error on the record by deliberately attempting to undermine the integrity of the fact finding process is not presented in this appeal. However, the seriousness of such conduct cannot be passed without comment. The effectiveness of the fact-finding process is critical to the discharge of our responsibility to dispense justice fairly in every case. It is clearly a serious ethical dereliction for an advocate to intentionally distort the facts in a pending matter and such misconduct will be responded to with the most severe sanctions available. It is equally egregious to produce the same result by the concealment of information where there is a duty upon counsel to reveal such information. The prosecutor is unquestionably required to disclose information that may be favorable to the defense where it becomes an issue in the proceedings. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Moore v. Illinois,* 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972); *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Commonwealth v. Colson,* 507 Pa. 440, 490 A.2d 811 (1985); *Commonwealth v. Bonacurso,* 500 Pa. 247, 455 A.2d 1175 (1983), *cert. denied* 462 U.S. 1120, 103 S.Ct. 3090, 77 L.Ed.2d 1350; *Commonwealth v. Bridge,* 495 Pa. 568, 435 A.2d 151 (1981); *Commonwealth v. Murphy,* 493 Pa. 35, 425 A.2d 352 (1981); *Commonwealth v. Rose,*

483 Pa. 382, 396 A.2d 1221 (1979); *Commonwealth v. Hallowell,* 477 Pa. 232, 383 A.2d 909 (1978); *Commonwealth v. Gartner,* 475 Pa. 512, 381 A.2d 114 (1977); *Commonwealth v. Royster,* 472 Pa. 581, 372 A.2d 1194 (1977); *Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977); *Commonwealth v. Cain,* 471 Pa. 140, 369 A.2d 1234 (1977); *Commonwealth v. Gee,* 467 Pa. 123, 354 A.2d 875 (1976). Pa. Rules of Professional Conduct, Rule 3.8(d) (adopted October 15, 1987). *See* Code of Professional Responsibility DR7-103. *See also* Pa.R.Crim.P. 305(B). Although the defense counsel is not under the same constraint to disclose information unfavorable to his client, since he is not responsible for conducting or furthering the prosecution, *see, e.g.,* Pa.R.Crim.P. 305(C), he or she is nevertheless under the same restraint not to deliberately distort facts to create defenses not legitimately raised under the facts of the case. Pa. Rules of Professional Conduct, Rule 3.3(a)(1), (2), (4), (c) (adopted October 15, 1987); ABA Committee on Ethics & Professional Responsibility, Informal Opinion 1314 (1975); *see* Code of Professional Responsibility DR 7-102(A)(2), (4), (5), (6), (7); *Commonwealth v. Alderman,* 292 Pa.Super. 263, 437 A.2d 36 (1981). *See also Nix v. Whiteside,* 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986).

■ The protection of the right to competent counsel is a sacred and respected right in this Commonwealth. Pa. Const. Art. I, § 9. This Court has on many occasions recognized and vindicated that right. *Commonwealth v. Saxton,* 516 Pa. 196, 532 A.2d 352 (1987); *Commonwealth v. Bunch,* 466 Pa. 22, 351 A.2d 284 (1976); *Commonwealth v. Wideman,* 460 Pa. 699, 334 A.2d 594 (1976); *Commonwealth v. Kennedy,* 451 Pa. 483, 305 A.2d 890 (1973); *Commonwealth v. Sliva,* 415 Pa. 537, 204 A.2d 455 (1964); *Commonwealth ex rel. Remeriez v. Maroney,* 415 Pa. 534, 204 A.2d 450 (1964); *Commonwealth ex rel. Carey v. Keeper of Montgomery County Prison,* 370 Pa. 604, 88 A.2d 904, *cert. denied,* 344 U.S. 845, 73 S.Ct. 61, 97 L.Ed. 657 (1952). However, that right was never intended to embrace a license for counsel to subvert the fact finding

process. Any intentional act to provide a basis for a
subsequent finding that counsel was ineffective represents
a serious departure from counsel's sworn responsibility to
the court and will be dealt with in the most severe fashion.
Such conduct will not be tolerated or condoned.

■ Turning to the question presented here there is little
question that a finding of ineffective assistance is mandat-
ed. In our prior opinion considering the ineffectiveness
claim in this case, we set forth the well-settled standard
enunciated in *Commonwealth ex rel. Washington v. Maro-
ney,* 427 Pa. 599, 235 A.2d 349 (1967) (*"Washington"*),
calling for some reasonable basis for counsel's actions:

> We cannot emphasize strongly enough, however, that our
> inquiry ceases and counsel's assistance is deemed consti-
> tutionally effective once we are able to conclude that the
> particular course chosen by counsel had some reasonable
> basis designed to effectuate his client's interests. The
> test is not whether other alternatives were more reason-
> able, employing a hindsight evaluation of the record.
> Although weigh the alternatives we must, the balance
> tips in favor of a finding of effective assistance as soon
> as it is determined that trial counsel's decisions had any
> reasonable basis.

*Id.,* 427 Pa. at 604–05, 235 A.2d at 352–53. Here it is
established that there was no strategy which dictated this
action, but rather, this was an oversight due solely to
inadvertence.

Since this Court last considered the fate of Mr. Bolden,
we have addressed the question of ineffective assistance of
counsel on two occasions relevant to this inquiry. In the
first instance, we rejected the appellant's contention that
prejudice in an ineffective counsel claim can be presumed.
*Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1986).
We did so by reaffirming language we stated nineteen
years before in *Washington:*

> [A] finding of ineffectiveness could never be made unless
> we concluded that the alternatives not chosen offered a

potential for success substantially greater than the tactics actually utilized.

*Washington,* 427 Pa. at 605 n. 8, 235 A.2d at 353 n. 8.

We carried the analysis one step further in *Commonwealth v. Saxton,* 516 Pa. 196, 532 A.2d 352 (1987), wherein we rejected the harmless error argument proffered by the Commonwealth and utilized by the Superior Court.

If upon review of counsel's overall strategy or performance it appears that the accused was prejudiced in an identifiable way by the quality of his representation, then a new trial is required, without regard to the apparent strength of the prosecution's case.

*Id.,* 516 Pa. at 204, 532 A.2d at 356.

■ Thus we have honed the ineffectiveness analysis to two distinct considerations, *i.e.,* whether trial counsel had some reasonable basis for his actions and whether these actions resulted in actual prejudice to defendant. Here the prejudice of counsel's error cannot be disputed.

Accordingly, the judgment of sentence is vacated and the matter is remanded for a new trial.

LARSEN and McDERMOTT, JJ., concur in the result.

HUTCHINSON, former J., and PAPADAKOS, J., did not participate in the consideration or decision of this case.

FLAHERTY, J., joins the majority opinion and files a concurring opinion in which ZAPPALA, J., joins.

FLAHERTY, Justice, concurring.

I join the opinion authored by Mr. Chief Justice Nix. I write to emphasize, however, that a particularly respected and distinguished member of our judiciary has concluded the omission of counsel in this case was inadvertent and thus it should so rest. The language in the opinion which discusses the "... serious ethical dereliction for an advocate to intentionally distort the facts in a pending matter

..." , with which I totally agree, does not apply, however, to counsel in the present case.

ZAPPALA, J., joins this concurring opinion.