544 A.2d 1030

**COMMONWEALTH of Pennsylvania**

**v.**

**William J. FLANAGAN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 25, 1988.

Filed July 26, 1988.

498

John Packel, Assistant Public Defender, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com.

Before MELINSON, HOFFMAN and CERCONE, JJ.

CERCONE, Judge:

This case is a direct appeal from judgment of sentence entered following appellant William Flanagan's conviction, by jury, of rape, kidnapping, and involuntary deviate sexual intercourse (IDSI). Following the denial of post-trial motions, the court imposed consecutive sentences for incarceration of ten (10) to twenty (20) years for rape and five (5) to ten (10) years for kidnapping. A concurrent sentence of five (5) to ten (10) years was imposed on the IDSI charge.

Appellant's trial counsel filed the instant appeal from the judgments of sentence and, subsequently, filed a Petition to Withdraw as Counsel. Following a hearing, the lower court granted the petition. Present counsel was appointed to represent appellant in this appeal. After reviewing the entire record, on January 13, 1988, present counsel filed a "Petition for Remission of the Record for Evidentiary Hearing On Ineffective Assistance of Trial Counsel", with the Superior Court. This court deferred decision of the petition pending the filing of briefs for appeal.

The petition alleges, with substantial specificity, that trial counsel was ineffective in failing to call witnesses who would have testified that during the time of the alleged assault, appellant was with them watching a fire near the vicinity in which the assault occurred. The record is clear that trial counsel was aware of these potential witnesses prior to trial. In the remand petition, present counsel asserted that the witnesses had been interviewed by himself and that they had remembered seeing appellant at the scene of the fire. Attached to the petition was a report from the Philadelphia Fire Department which confirmed that there had been a fire at the alleged location, that the alarm for the fire had been entered at 3:59 a.m. and that the fire trucks, arriving shortly thereafter, left the scene at 6:16 a.m. (the assault allegedly occurred between 4:00 a.m. and 6:00 a.m. the same morning).

To find a deprivation of the constitutional right to effec-

tive assistance of counsel,[1] this court must make an independent examination of the record. *See Commonwealth v. Owens*, 454 Pa. 268, 312 A.2d 378 (1973). In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 603, 235 A.2d 349, 352–53 (1967), the Pennsylvania Supreme Court set forth the test to be used when the issue is whether counsel was effective. In *Maroney*, the Court stated:

> [B]oth counsel and the courts must recognize that the main issue is whether the accused's rights have been adequately protected. ...
>
> \* \* \* \* \* \*
>
> [O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interest. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

427 Pa. at 604–05, 235 A.2d at 352–53 (emphasis in original) (footnote omitted). Appellant must show that the act of omission or commission by counsel was arguably ineffective and that he was prejudiced thereby. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). That is, whether counsel's conduct had an adverse effect on the outcome of the proceedings. 515 Pa. at 162, 527 A.2d at 977.

■ Failure of trial counsel to interview and present all prospective witnesses is not per se ineffective. "Trial counsel's failure to interview potential witnesses will not be equated with ineffective assistance in the absence of a showing that his or her testimony would have advanced the fact finding process." *Commonwealth v. Barren*, 273 Pa. Super. 492, 498–99, 417 A.2d 1156, 1159 (1979).

---

1. U.S. Const. amend. VI; Pa. Const. art. I, § 9.

The record in this case reveals that trial counsel did have knowledge of these two potential witnesses, but decided not to call them due to some misapprehension about the actual time of the fire. Prior to the presentation of the defense, the Commonwealth attorney requested an offer of proof for the witnesses the defense intended to present. At that sidebar, defense counsel indicated that he might call two witnesses who would testify that they had seen appellant near the fire scene at 3:30 a.m. to 3:45 a.m. It appears that trial counsel thought the fire had started sometime prior to 4:00 a.m. and that the witnesses could not account for appellant's whereabouts between 4:00 a.m. and 6:00 a.m. It is not clear from the record that trial counsel had actually interviewed either proposed alibi witness. Counsel never provided the Commonwealth with notice of alibi nor called any alibi witnesses to testify.

■ In furtherance of a defense of misidentification, the defense did call appellant's father, Mr. Flanagan, to the stand to testify about the events surrounding his son's arrest two days following the assault. On direct examination, the father did mention that the alleged assault had occurred at the same time there had been a neighborhood fire. He did not testify as to his knowledge of appellant's whereabouts at the time of the alleged assault. On cross-examination, the Commonwealth's attorney, over defense objection, questioned appellant's father whether he could account for appellant's presence at the time of the fire. When the court overruled the defense objection, the cross-examination proceeded:

Q. Are you telling this jury that your son was at that fire at 4:00 in the morning on that Thursday morning?

A. Yes, ma'am.

Q. And how long was your son at this fire at 4:00 in the morning on May the 9th?

A. He was there about an hour.

Q. 4:00 to 5:00?

A. No, around—around quarter to 3:00 to about 4:00.

Q. So 4:00 he left?

A. I don't know what he was doing after that.

This questioning clearly went beyond the scope of direct examination and, therefore, the lower court erred in overruling defense counsel's contemporaneous objections.[2] The testimony improperly extracted from Mr. Flanagan on cross-examination renders the trial counsel's failure to investigate the other alibi witnesses even more harmful to appellant's case.

■ The Commonwealth argues that trial counsel had proceeded to trial with a defense theory of consent and since any evidence tending to establish an alibi defense would have been inconsistent with the theory of consent, it was properly disregarded by counsel. Upon our review of the trial record, we disagree with the Commonwealth's explanation of the defense strategy. It appears that trial counsel attempted to employ several defense strategies during the course of trial and that he modified the approach depending on evidentiary rulings issued by the trial court. Trial counsel did indicate at one point during trial that consent was an intended defense theory, but when the court refused to allow trial counsel to cross-examine the Commonwealth's complaining witness about arrests for prostitution, the defense of consent was apparently abandoned. Trial counsel also pursued a theory of misidentification by presenting evidence that the victim confused the appellant with his cousin who sometimes used the same name. Trial counsel never presented a defense of alibi.

The facts of this case are similar to those in *Commonwealth v. Bolden*, 517 Pa. 10, 534 A.2d 456 (1987). In *Bolden*, defense counsel failed to cross examine a Commonwealth witness on the basis of a police report which directly contradicted the testimony of a police officer whose testimo-

---

**2.** We recognize that the trial court later ruled the cross-examination inadmissible and instructed the jury to disregard it. By that point, however, the jury had been exposed to the innuendo that appellant's father was with him between 3:00 and 4:00 a.m. but could not account for appellant's whereabouts thereafter, the crucial time in question.

ny undercut the testimony of a critical defense alibi witness. Citing the standard announced in *Commonwealth ex rel. Washington v. Maroney, supra,* the *Bolden* court stated, "Here it is established that there was no strategy which dictated this action, but rather, this was an oversight due solely to inadvertence." 517 Pa. at 17, 534 A.2d at 459.

It is clear that appellant has raised a claim of arguable merit. We, therefore, must decide whether there was any reasonable basis for defense counsel's failure to investigate and raise the alibi defense. It appears that an alibi defense would have been consistent with the course of action actually chosen by defense counsel during the trial. *Accord Commonwealth v. Bronson,* 457 Pa. 66, 321 A.2d 645 (1974). Without a hearing on this issue, we are unable to determine whether trial counsel adequately explored the possibility of presenting a viable alibi defense on appellant's behalf and reasonably determined that the witnesses were incredible or if counsel was unreasonable in his decision not to present an alibi defense. We conclude, therefore, that this case must be remanded for an evidentiary hearing on all of appellant's claims of ineffective counsel. If, after the conduct of an evidentiary hearing, the lower court determines that there was sufficient evidence to present a viable alibi defense, the court must grant appellant a new trial as there can be no reasonable tactical basis for not presenting that which would have established the appellant had been elsewhere at the time the complained of offense was being committed and, concurrently, appellant was unnecessarily prejudiced by counsel's lack of investigation.

Accordingly, this appeal is dismissed and the case is remanded for an evidentiary hearing on all of appellant's claims of trial counsel's ineffectiveness.[3] Following the entry of an order by the lower court, appellant's right to appeal any aspect of this case will again be tolled and he may again file a direct appeal from the judgment of sen-

3. On appeal, appellant has raised four allegations of ineffectiveness of trial counsel. In the interest of judicial economy, the lower court shall receive any evidence proferred on those claims as well.

504

tence. At that time, appellant may seek review of any claims of trial error. Jurisdiction relinquished.