587 A.2d 740

**COMMONWEALTH of Pennsylvania**

**v.**

**Linda M. McFADDEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1990.

Filed March 8, 1991.

Charles J. Porter, Pittsburgh, for appellant.

Alphonse P. Lepore, Jr., Dist. Atty., Uniontown, for Com., appellee.

Before McEWEN, DEL SOLE and CERCONE, JJ.

OPINION PER CURIAM:

This appeal has been taken from an order which dismissed, without a hearing, the third Post Conviction Relief petition filed by appellant. We are constrained to remand for an evidentiary hearing.

Appellant was found guilty by a jury, on November 19, 1986, of aggravated assault and recklessly endangering another, and was acquitted of charges of attempted homicide.[1] Following the denial of post-trial motions, the court sentenced appellant on January 23, 1987, to a term of imprisonment of from eleven and one-half months to twenty-three months. Although the Commonwealth had filed a timely notice of intention to pursue the application of the mandatory minimum sentence provisions of 42 Pa.C.S. § 9712, the Commonwealth failed to appear at the sentencing hearing. Following the imposition of sentence, however, the Commonwealth filed a motion for reconsideration of sentence based upon the failure of the court to impose the mandatory minimum sentence. The trial court, in response to the Commonwealth's motion, on February 2, 1987, vacated the sentence and imposed a new term of imprisonment of from five years to ten years imprisonment. The court denied, on February 12, 1987, the motion for reconsideration of sentence filed by appellant.

Trial counsel was replaced by private appellate counsel

1. The Commonwealth initially sought to *nol prosse* the charges and presented, at a *nol prosse* hearing on August 6, 1986, the testimony of the victim as well as the written consent of the investigating police officer. The court, however, refused to enter a *nol prosse* and noted that the Commonwealth failed to produce at the hearing the prosecuting police officer and expert testimony to demonstrate the impact of the events upon the victim's children.

who initiated a direct appeal to this Court, raising therein [2] a claim of ineffectiveness based upon the failure of trial counsel to (1) call medical experts at the *nol prosse* hearing and (2) interview and present witnesses who had allegedly overheard the victim say that he had lied to the investigating police officer and feared prosecution for perjury if he recanted his testimony. This Court rejected the claims of appellant and affirmed the judgment of sentence. *Commonwealth v. McFadden*, 377 Pa.Super. 654, 541 A.2d 1152 (1988).

Appellate counsel, however, while the direct appeal was pending, filed, on August 31, 1987, a PCHA petition which was dismissed, the same day, by the PCHA court due to violation of Pa.R.Crim.P. 1501.[3] This same attorney filed a second PCHA petition on December 8, 1987, and asserted the same claim of ineffectiveness which was a part of the direct appeal then pending before the Superior Court. The PCHA court, after a hearing, dismissed the second petition on December 29, 1987, and an appeal to this Court from that ruling was dismissed on April 25, 1988, due to the failure of counsel to file a brief. The direct appeal from the judgment of sentence was subsequently rejected by order dated March 18, 1988.

Appellant obtained new private counsel who filed, on February 13, 1989, a petition under the Post Conviction Relief Act which alleged that all prior counsel had been ineffective for failing to raise the issues enumerated in the PCRA petition. The trial court dismissed the petition, on March 26, 1990, without a hearing on the basis that appellant was not entitled to relief since the claims had either

---

**2.** Appellant, in the direct appeal, also asserted that the verdict was against the weight of the evidence and that the court had improperly vacated its original sentence.

**3.** Rule 1501. Initiation of Post–Conviction Collateral Proceedings
    A proceeding for post-conviction collateral relief shall be initiated by filing a motion and three (3) copies with the clerk of the court in which the defendant was convicted and sentenced. The motion shall be verified by the defendant.

been previously litigated or waived. This timely appeal followed.

Appellant contends:

The PCRA Court erred by denying appellant's petition without conducting an evidentiary hearing.

All prior counsel were ineffective for failing to request a jury instruction concerning justification, self-defense, and/or accident and in failing to raise this issue on direct appeal and/or in the context of a post-conviction petition filed while appellant's direct appeal was pending..

All prior counsel were ineffective in failing to present evidence and/or expert testimony and request a jury instruction concerning the battered woman syndrome and in failing to raise this issue on direct appeal and/or in a post-conviction petition filed while appellant's direct appeal was pending.

All prior counsel were ineffective in failing to move for a mistrial based on prosecutorial misconduct and in failing to raise this issue on direct appeal and in failing to file a brief to the Superior Court on the appeal from the denial of the post-conviction hearing while appellant's direct appeal was pending.

Our initial step is to determine whether appellant is eligible for relief under the Post Conviction Relief Act. The claims presented in the instant petition are cognizable under the PCRA since the failure to request an appropriate jury instruction on accident or self-defense in the circumstances of this case implicates the 'truth determining process', raising a question of whether an 'innocent individual' has been convicted. *See:* 42 Pa.C.S. §§ 9543(a)(2)(ii); 9543(a)(3)(ii). Since the disposition of the direct appeal and the prior PCHA petitions did not involve the *merits* of the present claims, it cannot be dismissed on the basis of having been previously litigated under 42 Pa.C.S. § 9544(a)(2) [4]. *Commonwealth v. Perlman,* 392 Pa.Super. 1, 5, 572 A.2d 2,

---

**4.** The court had correctly determined that the claim that trial counsel failed to request a mistrial during the cross-examination of appellant had been previously litigated under the Act. 42 Pa.C.S. § 9544(a)(3).

522

4 (1990). Nor can the petition be dismissed on the basis of waiver since appellant's failure to earlier raise this claim "is excusable under the PCRA in light of counsel's alleged ineffectiveness, *see id.* § 9543(a)(2)(ii), and because the claim involves ... the 'truth-determining process' ... and raises a question whether an 'innocent individual' has been convicted. *See id.* § 9543(a)(3)(ii)." *Commonwealth v. Perlman, supra,* 392 Pa.Superior Ct. at 5, 572, A.2d at 4. In addition, we conclude that the claims of appellant, if established, present the "miscarriage of justice" required by our Supreme Court in *Commonwealth v. Lawson,* 519 Pa. 504, 549 A.2d 107 (1988), when reviewing appeals from the denial of a serial post-conviction petition. *Cf. Commonwealth v. Brimage,* 398 Pa.Super. 134, 141, 580 A.2d 877, 880 (1990).

■ At trial and before this Court, the Commonwealth argued that a self-defense charge was inappropriate as inconsistent with the victim's testimony that the shooting was accidental. However, this Court has recently reiterated that a self-defense charge is appropriate in cases involving accidental injury when "the circumstances of the case allow that the accidental injury or death occurred within the course of the actor defending himself." *Commonwealth v. Mayfield,* 401 Pa.Super. 560, ——, 585 A.2d 1069, 1074 (1991) (en banc).

Before the issue of self-defense may be submitted to a jury for consideration, a valid claim of self-defense must be made out as a matter of law, and this determination must be made by the trial judge. Such claim may consist of evidence from whatever source. "Such evidence may be adduced by the defendant as part of his case, or conceivably, may be found in the Commonwealth's own case in chief or be elicited through cross-examination." *Commonwealth v. Rose,* 457 Pa. 380 [390], 321 A.2d 880, 884 (similarly discussing the type of evidence necessary to place in issue a defense of intoxication). However, such evidence from whatever source must speak to three specific elements for a claim of self-defense to be placed in issue for a jury's consideration.

Thus, as provided by statute and as interpreted through our case law, to establish the defense of self-defense it must be shown that a) the slayer was free from fault in provoking or continuing the difficulty which resulted in the slaying; b) that the slayer must have reasonably believed that he was in imminent danger of death or great bodily harm, and that there was a necessity to use such force in order to save himself therefrom; and c) the slayer did not violate any duty to retreat or to avoid the danger. *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976); *Commonwealth v. Cropper, supra* [463 Pa. 529, 345 A.2d 645 (1975)].

*Commonwealth v. Black*, 474 Pa. 47 [53], 376 A.2d 627, 630 (1977). If there is any evidence from whatever source that will support these three elements then the decision as to whether the claim is a valid one is left to the jury and the jury must be charged properly thereon by the trial court.

     \*     \*     \*     \*     \*     \*

This is so even though the evidence of self-defense may appear to the trial court as not credible, for "it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced ... The fact finder is free to believe all, part, or none of the evidence." *Commonwealth v. Rose*, 463 Pa. 264 [268], 344 A.2d 824, 826 (1975).

*Commonwealth v. Mayfield, supra*, 401 Pa.Super. at 563–566, 585 A.2d at 1070–1071.

The victim, appellant's ex-husband, testified at trial that on the night of the shooting, while he was visiting appellant, she summoned him upstairs to her bedroom and shot him when he entered the room. Appellant testified that after she had separated from her husband and children, she began receiving threats and threatening telephone calls from unknown persons as well as from her ex-husband, the victim. Consequently, appellant borrowed a shotgun from

a friend, loaded it and placed it in a corner of her bedroom. Appellant further testified as follows:

Q. What else happened?

A. He was hitting me and he grabbed ahold of the gun.

Q. What did you do?

A. I seen him grab ahold of the gun, and I grabbed ahold of it too to keep it from him because the gun was loaded.

Q. And then what happened?

A. We struggled over the gun.

Q. Who eventually got the gun?

A. He left go and I fell back with it.

Q. And what happened then?

A. The gun went off.

\* \* \* \* \* \*

Q. During the course of your marriage, Mrs. McFadden, did you have any trouble with John before?

A. Yes, I did.

Q. Did he ever beat you before this night?

[Prosecutor]: I'm going to object to this point. If he is going to tie it in, I am going to ask for an offer.

\* \* \* \* \* \*

[An in chambers on the record offer of proof was made after which the court ruled as follows:]

THE COURT: Based upon her testimony relative to the shooting the Court is of the opinion that her mental state and her reasonableness in determining whether her life was in danger or not is totally irrelevant. This appears to be an accidental shooting and that the only defense thereto is your argument that she did not intend—

[Prosecutor]: She did not intend to shoot.

[Defense attorney]: Well, I respectfully disagree with that. I think that because of the circumstances that night there was a struggle; that she did in fact have a gun; that the gun went off; that there is a self-defense issue here because she believed that she was going to be raped and killed.

THE COURT: Exactly, but she has failed to state on the record that she shot this man to protect herself. She said that she shot him because she fell and the gun went off accidentally.

As the direct examination continued, appellant was asked to describe the manner in which she was holding the gun when she fell and whether she had her fingers on the trigger, when appellant stated, "I don't know ... I don't remember, ... my hands could have slipped." On cross-examination, appellant testified:

I just was trying to get away, but when I seen John grab the gun, I grabbed at it too because I didn't want John to get the gun. I knew the gun was loaded and I was afraid John was going to kill me, because he said that that night.

Appellant, who testified on redirect that the victim had beaten her in the past, consistently testified that she engaged in the struggle because she feared the victim would kill her. Appellant's testimony further revealed that she had not provoked the encounter and had no opportunity or means to retreat. Thus, her testimony satisfied the three conditions precedent for submission of a self-defense claim to the jury *except* that she denied intentionally shooting the victim.

In *Mayfield*, this Court specifically addressed the propriety of a self-defense charge where a defendant asserts that he acted in the course of self-defense but denies actually causing the injury: "It is the *specific denial* of the use of deadly force for one's own protection which precludes the claim of self-defense being put in issue". *Mayfield, supra*, 401 Pa.Super. at 571, 585 A.2d at 1074. (emphasis added). The testimony of appellant did not "negate any element of self-defense" that would preclude the necessity to submit the issue to the jury on request of the defendant. *See: Commonwealth v. Mayfield, supra*, 401 Pa.Superior Ct. at 571, 585 A.2d at 1074. Moreover, the testimony of appellant that she feared for her life and did not remember where she pointed the gun, or whether her

finger was on the trigger, if believed by the jury, would have justified a finding that appellant acted in self-defense. *See e.g., Commonwealth v. Gonzales,* 334 Pa.Super. 603, 607–608, 483 A.2d 902, 904 (1984). While the Commonwealth continues to argue that a self-defense charge was not required because appellant refused to admit that she had fired the weapon purposefully, the submission of a self-defense charge does not require such an admission. *Commonwealth v. Gonzales, supra* at 609, 483 A.2d at 905. *See: Commonwealth v. Mayfield, supra,* 401 Pa.Super. at 576–577, 585 A.2d at 1077. Thus we are obliged to conclude that appellant was entitled to a self-defense charge.

> When a claim has arguable merit, and there has been no evidentiary hearing below to determine if there was a reasonable basis for counsel's actions, then this Court will remand for an evidentiary hearing. *Commonwealth v. Spotts,* 341 Pa.Superior Ct. 31, 33, 491 A.2d 132, 134 (1985). If it is clear that the allegation of ineffectiveness of counsel lacks arguable merit, then an evidentiary hearing is unwarranted and the unfounded allegation will be rejected. *Commonwealth v. Clemmons,* 505 Pa. 356, 361, 479 A.2d 955, 957 (1984).

*Commonwealth v. Shablin,* 362 Pa.Super. 289, 292, 524 A.2d 511, 512 (1987).

Thus it clear that we conclude there is arguable merit to the claim that counsel was ineffective in failing to request such an instruction. We are, therefore, constrained to remand for an evidentiary hearing in order to provide a record for this Court to determine whether counsel had any reasonable basis for failing to request such an instruction. *Commonwealth v. Shablin, supra,* 362 Pa.Superior Ct. at 292–293, 524 A.2d at 513. *See: e.g., Commonwealth v. Flanagan,* 375 Pa.Super. 497, 503, 544 A.2d 1030, 1033 (1988).

Order vacated. Case remanded. Jurisdiction relinquished.