J-S68005-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
GARY SOUTHERLAND :
:
Appellant : No. 1535 WDA 2017

Appeal from the PCRA Order September 26, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013051-1990

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.: FILED DECEMBER 27, 2018

Gary Southerland ("Appellant") appeals pro se from the order denying

his seventh petition for relief filed under the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.[1]

A previous panel of this Court summarized the underlying facts of this

matter as follows:

> [O]n August 27, 1991, Appellant was convicted, following a non-
> jury trial, of first-degree murder and recklessly endangering
> another person. Appellant's convictions stemmed from his
> shooting his wife in the legs with a shotgun, which resulted in his
> [wife] suffering a pulmonary embolism that caused her death. In
> January of 1992, Appellant was sentenced to an aggregate term
> of life imprisonment, without the possibility of parole. He filed a
> timely direct appeal, and this Court affirmed his judgment of

_____

[1] Appellant filed an Application to Supplement the Original Record in this Court
on October 25, 2018. Therein, Appellant seeks to supplement the certified
record with a transcript of the coroner's inquest held on September 21, 1990.
Given our disposition of Appellant's issues, we DENY the application.

_____

* Former Justice specially assigned to the Superior Court.

sentence, yet also remanded for the trial court to conduct a hearing on Appellant's claims of ineffective assistance of his trial counsel. Commonwealth v. Southerland, 631 A.2d 1373 (Pa. Super. 1993) (unpublished memorandum). On August 2, 1993, the trial court issued an order denying Appellant's ineffectiveness claims, and Appellant did not file another appeal.

Over the ensuing two decades, Appellant filed at least five PCRA petitions, all of which were denied by the PCRA court. In many of those collateral proceedings, Appellant appealed to this Court from the order denying his petition, and we repeatedly affirmed. See Commonwealth v. Southerland, 698 A.2d 111 (Pa. Super. 1997) (unpublished memorandum), appeal denied, 698 A.2d 66 (Pa. 1997) (affirming the denial of Appellant's first petition); Commonwealth v. Southerland, 911 A.2d 187 (Pa. Super. 2006) (unpublished memorandum), appeal denied, 917 A.2d 314 (Pa. 2007) (affirming the denial of Appellant's second PCRA petition); Commonwealth v. Southerland, 981 A.2d 322 (Pa. Super. 2009) (unpublished memorandum), appeal denied, 985 A.2d 972 (Pa. 2009) (affirming the denial of Appellant's fourth petition).

On June 29, 2015, Appellant filed a pro se writ of habeas corpus. . . . The lower court treated that filing as a PCRA petition. On August 13, 2015, the court issued an order denying Appellant's petition.

Commonwealth v. Southerland, 158 A.3d 175, 1525 WDA 2015 (Pa. Super. filed Sept. 9, 2016) (unpublished memorandum at *1–4) (footnotes omitted). Appellant filed a pro se notice of appeal and complied with Pa.R.A.P. 1925(b). We affirmed the PCRA court's order denying Appellant's sixth petition as untimely. Id. at *4. The Pennsylvania Supreme Court denied further review. Commonwealth v. Southerland, 169 A.3d 555, 3 WAL 2017 (Pa. filed May 31, 2017).

We glean the supplemental procedural history from the certified record. Appellant filed a pro se "Petition for Writ of Habeas Corpus Ad Subjiciendum

and/or Request to Reinstate Original PCRA Nunc Pro Tunc Because of Court Created Fatal Defect" on July 25, 2017.[2] Therein, Appellant averred there was a "a breakdown of the court system that precluded appointment of counsel and claim[ed] review for indigent Petitioner's first-PCRA petition." Petition for Writ of Habeas Corpus Ad Subjiciendum, 7/25/17, at 1. According to Appellant, the PCRA court's failure to appoint counsel to file an amended petition and the resulting dismissal of that petition for failure to state a claim "created a fatal error in the PCRA review process." Id. at 4. Therefore, Appellant argues, his first PCRA petition should be reinstated nunc pro tunc. Id. at 5.

The PCRA court treated Appellant's habeas corpus petition as a request for PCRA relief and, on September 6, 2017, gave notice of its intent to dismiss the petition as untimely. Appellant filed a Reply to the Notice of Intent to Dismiss on September 18, 2017. By order filed on September 26, 2017, the PCRA court dismissed Appellant's habeas corpus petition. Appellant filed a pro

_____

[2] While Appellant's habeas corpus petition was pending, Appellant filed a pro se PCRA petition on August 30, 2017. On September 26, 2017, the PCRA court gave notice of its intent to dismiss the August 30, 2017 PCRA petition as untimely. On October 25, 2017, the PCRA court entered an order dismissing the PCRA petition. On November 20, 2017, Appellant filed a notice of appeal, which was docketed at 1771 WDA 2017. We dispose of that appeal in a separate memorandum.

se notice of appeal on October 16, 2017, which was docketed at 1535 WDA 2017.[3] Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following questions for our review, which we reproduce verbatim:

1. Do PCRA Rules apply to defendants only or also to courts and was counsel was provided for indigent defendant's initial-PCRA?

2. Whether a PCRA court's manifest lapse of duty invalidates the PCRA-promise of meaningful review of Sixth Amendment claims?

3. Was competent evidence ignored resulting in an unreasonable determination of facts which created an element of the crime?

4. Was the dining room floor damaged and was counsel ineffective for failing to investigate the crime scene prior to trial?

5. Whether counsel was ineffective under Commonwealth v. Bolden, 534 A.2d 456 (Pa. 1997) for failing to contradict a police detective with his own Supplemental report?

Appellant's Brief at 2–3.[4]

_____

[3] Appellant filed a pro se motion for reconsideration of the September 26, 2017 order on October 17, 2017, and a pro se reply to the notice of intent to dismiss the habeas corpus petition on October 19, 2017. Because Appellant filed these documents after filing his notice of appeal, the PCRA court lacked jurisdiction to entertain them. See Pa.R.A.P. 1701(a) ("[A]fter an appeal is taken. . ., the trial court. . . may no longer proceed further in the matter.").

[4] Appellant does not challenge the PCRA court's disposition of his habeas corpus petition under the parameters of the PCRA, nor would he succeed on such a claim. Pursuant to Pennsylvania law, "the PCRA subsumes the writ of habeas corpus unless the claim does not fall within the ambit of the PCRA statute." Commonwealth v. Burkett, 5 A.3d 1260, 1274 (Pa. Super. 2010). Appellant's claim that he was unconstitutionally denied effective assistance of counsel falls within Section 9543(a)(2)(i) and (ii) of the PCRA.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether it is free of legal error. Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Id. Here, the PCRA court dismissed Appellant's petition as untimely, and we discern no error.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. Hernandez, 79 A.3d at 651. A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Appellant's judgment of sentence became final on September 1, 1993, thirty days after the trial court acted in response to our remand for a hearing on Appellant's ineffectiveness claims, which ruling Appellant did not appeal. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant filed the instant petition on July 20, 2017, almost twenty-four years later. Accordingly, Appellant's petition is patently untimely.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to

the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[5] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under Section 9545(b)(2). Commonwealth v. Ward-Green, 141 A.3d 527, 532 (Pa. Super. 2016). If the petition is untimely and no exception is pled and proven, the PCRA court must dismiss the claims because it is without jurisdiction to entertain an untimely petition. Commonwealth v. Johnston, 42 A.3d 1120 (Pa. Super. 2012).

_____

[5] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

The PCRA court disposed of Appellant's PCRA petition with the following cogent analysis, which we adopt as our own:

Attached to [Appellant's] Petition is a copy of a November 2, 1994 PCRA Petition filed by his counsel of record, Peter J. Nychis, Esquire. In it, [Appellant acknowledges] that the Superior Court remanded his case back to the trial court for an evidentiary hearing and that Dr. Cyril Wecht, a forensic pathologist, was appoint[ed] to assist defense counsel, Kevin Flaherty, Esquire, at County Expense. [Appellant] further acknowledges that an evidentiary hearing was scheduled and conducted before Judge James on July 29, 1993. [Appellant] alleges that Attorney Flaherty failed to meet, discuss and prepare for the hearing, but acknowledged that he called defense counsel, Attorney Elash, to testify. Clearly, [Appellant's] own allegations establish that [Appellant] was represented by counsel at his first PCRA hearing and, therefore, any claim that there was some breakdown in the judicial process that now entitles [Appellant] to a nunc pro tunc reinstatement of his first PCRA petition is meritless.

As noted above, [Appellant's] judgment of sentence became final in 1993 and he had one year thereafter to file a timely PCRA petition. If [Appellant] was not represented by counsel at his first PCRA petition, this is a fact that he has known for years. [Appellant] has failed to allege or prove any of the exceptions pursuant to 42 Pa. C.S.A. § 9545(b)(1)(i)(i-ii) and, therefore, the Petition was appropriately dismissed.

PCRA Court Opinion, 6/7/18, at 4–5 (internal citations omitted).[6]

PCRA order affirmed. Application to Supplement the Original Record denied.

---

[6] We add that a PCRA petitioner is entitled to effective assistance of counsel, which is presumed, Commonwealth v. Bomar, 104 A.3d 1179, 1188 (Pa. 2014), and may or may not include the filing of an amended petition.

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/27/2018